# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 771

### BITTINGER v. BITTINGER

Ohio Appeals, 9th Dist., Lorain Co.

No. 422. Decided Oct. 7, 1927.

**First Publication of this Opinion.**

293. CONTEMPT—413. Divorce and Alimony—1. Decree for payment of alimony imports finding of ability to pay. Burden of establishing, by allegation and proof, inability to make payment, is upon party so ordered to pay.
2. Statute does not require charges in contempt to be sworn to. (12138 GC.)
3. Committment to jail until order of court as to alimony has been complied with, authorized by 12143 GC.

Error to Common Pleas.
Judgment affirmed.

F. M. Stevens and C. J. Maple, Elyria, for plaintiff in error.

Fauver & Fauver, Elyria, for defendant in error.

WASHBURN, PJ.

Frank P. Bittinger, plaintiff in error, sued his wife for divorce, and in that suit the husband was ordered to pay alimony to the wife, pending suit.

Later, there was filed a paper denominated, charges in contempt, which set forth said order of the court and charged that the husband had wilfully violated said order and failed to make all of said payments and stated the amount paid and the arrears, and with that paper was filed a motion for a citation of the husband to appear in court, at a given time, and show cause why he should not be punished for contempt.

The matter came on for trial, and, on behalf of the wife, there was introduced in evidence, the order of the court to pay alimony and proof made that the order had not been complied with, and her case was then rested.

The husband offered no testimony, but moved that the court dismiss the proceedings on the grounds that the charge contained no allegation and the evidence no proof of ability, on the part of the husband, to comply with the order.

During the hearing, the proceedings were challenged on the ground that the charge in contempt was voidable because it was sworn to before an attorney for the wife.

It is further claimed, as a ground of error, that the sentence of the court is illegal, it being that the husband pay a fine of ten dollars and costs and that he be committed to the jail of the county until he complies with the order of the court as to alimony.

The objection that the charge in contempt did not set forth the claim that the husband was able to comply with the order of the court and that there was no proof that he was able to do so, is not well taken.

"The decree imports a finding of the court that he is able to pay, and the burden is on him, by allegation and proof, to establish his inability." State, on complaint of Cook, v. Cook, 66 OS. 566.

The fact that the charges in contempt were sworn to before an attorney for the wife, did not invalidate the proceedings. Statute does not require charges in contempt to be sworn to, but simply requires a charge in writing to be filed with the clerk and an entry thereof made upon the journal, and the statute was complied with in this case. (12138 GC.)

As to the complaint about the sentence of the court, it is to be noted that the sentence was not that the husband be committed to the jail of the county until the fine and costs were paid, but was that he should be committed to the jail of the county until he complied with the order of the court as to alimony, and the court is specifically authorized, to make such an order, by 12143 GC. Finding no reversible error in the judgment, the same is affirmed.

(Funk, J., and Pardee, J., concur.)